**Serafino GUIDO, Appellant,**

v.

**Cornelius BALL, Postmaster of the United States Post Office, Purdy Avenue, Rye, New York, and the United States Post Office Department, Appellees.**

**No. 66, Docket 30098.**

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1966.

Decided Oct. 25, 1966.

Cherry S. Krassner, White Plains, N. Y. (Tachna & Krassner, White Plains, N. Y., on the brief), for appellant.

Dawnald R. Henderson, Asst. U. S. Atty., for Southern District of New York (Robert M. Morgenthau, U. S. Atty., and James G. Greilsheimer, Asst. U. S. Atty., on the brief), for appellees.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant, a former probationary Post Office employee, brought an action in the United States District Court for the Southern District of New York seeking to obtain judicial review of his discharge from employment. The court, Harold R. Tyler, Jr., Judge, dismissed the complaint for failure to state a claim on which relief may be granted. We find that this court lacks jurisdiction of this appeal because not timely filed, and dismiss the appeal.

Judgment entered in the District Court on July 8, 1965. Since the United States or an officer or agency thereof is a party, plaintiff had 60 days in which to file a notice of appeal with the District Court. F.R.Civ.P.Rule 73(a) (1). Since the sixtieth day was a holiday, Labor Day, filing on the following day, September 7, would have been timely. The first communication from Guido was received by the District Court on September 8 and a notice of appeal and request to proceed *in forma pauperis* on September 13, 1965. The timely filing

of a notice of appeal is jurisdictional. Napier v. Delaware, Lackawanna & Western RR Co., 223 F.2d 28 (2d Cir. 1955); Knowles v. United States, 260 F.2d 852 (5th Cir. 1958).

As indicated above, after the time for appeal had run, appellant sought leave to appeal *in forma pauperis*, from the denial of which he also attempts to appeal. But in 1965 the only ground on which the District Court could extend the time for taking an appeal was on a showing of excusable neglect based on the failure of the party to learn of the entry of judgment. See Rule 73(a) prior to the 1966 amendment. No showing of such failure was made, so the District Court lacked power to allow an extension, even if it thought the appeal meritorious.

The appeal is dismissed for lack of jurisdiction.[1]

Murrah, Chief Judge, dissented.

---

1. As was the case in Napier v. Delaware, Lackawanna & Western RR Co., supra, "we dismiss with less reluctance because the argument and briefs have failed to impress us with the merit of the appeal."