Ruthe GRADDY, Appellant,

v.

Honorable Dudley B. BONSAL, Judge of the United States District Court for the Southern District of New York.

No. 409, Docket 31170.

United States Court of Appeals
Second Circuit.

Argued April 11, 1967.

Decided April 12, 1967.

---

* Of the Second Circuit, sitting by designation.

Ruthe Graddy, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, defendant-appellee, attorney pro se and attorney for defendants-appellees New York State, Asst. Atty. Gen. Isidore Siegel and Judges of Supreme Court of State of New York, Saul Streit, Charles Tierney, Louis J. Capozzoli (sued as Capizzola), George Postel and Owen Mc-Givern, and Dr. Oscar Diamond.

Edward Pious, New York City, defendant-appellee, attorney pro se and attorney for defendants-appellees Alfred Brainard, Philip Greco and American Ins. Co.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

█ Plaintiff's complaint was dismissed by Judge Bonsal in the Southern District of New York for lack of federal jurisdiction on November 29, 1966. Motions for rehearing filed December 2 and 5, 1966 were denied by Judge Bonsal on January 5, 1967. Plaintiff filed a notice of appeal on February 23, 1967. Although the running of the thirty days allowed for filing a notice of appeal was terminated by the filing of the motions for rehearing, regarded as motions "to alter or amend the judgment" under Fed. R.Civ.P. 59(e), Vine v. Beneficial Fin. Co., Inc., 374 F.2d 627 (2 Cir. March 13, 1967); Gainey v. Brotherhood of Ry. & S.S. Clerks, 303 F.2d 716 (3 Cir. 1962); 7 Moore, Federal Practice par. 73.09[4], at 3185 (2 ed. 1966), more than thirty days elapsed between the denial of the motions on January 5 and the filing of the notice of appeal on February 23. This appeal must therefore be dismissed because the notice of appeal was untimely filed.

█ If the merits of the appeal were before us, we would affirm, because the absence of federal jurisdiction is clear. Plaintiff has not alleged any diversity of citizenship between herself and any of the defendants. She contends upon appeal that her complaint is based on "violations against the SEC," but the allegations of her complaint, however broadly read, do not charge any violations of the federal securities laws.

Appeal dismissed for lack of jurisdiction.