511 F.2d 1030
 David STIRLING, Jr., and William G. Stirling, Plaintiffs-Appellants,
v.
CHEMICAL BANK, Individually, and as agent, et al.,
Defendants-Appellees.
David STIRLING, Jr., and William G. Stirling, Plaintiffs-Appellants,
v.
UNION PLANTERS NATIONAL BANK OF MEMPHIS et al., Defendants-Appellees.
 Docket No. 75--7006.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 28, 1975.
Decided Feb. 11, 1975.
 
 Feldshuh & Frank, New York City (Sidney Feldshuh, Richard M. Kraver, New York City, of counsel), for plaintiffs-appellants.
 Cravath, Swaine & Moore, New York City, for defendants-appellees Chemical Bank, Frank Beattie, John J. Irish and Paavo Prima.
 Bleakley, Platt, Schmidt & Fritz, New York City (Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., of counsel), for defendants-appellees Marine Midland Bank--Western and Marine Midland Bank--Rochester.
 Townley, Updike, Carter & Rodgers, New York City (Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., of counsel), for defendant-appellee Lincoln First Bank of Rochester.
 Milbank, Tweed, Hadley & McCloy, New York City, for defendants-appellees Chase Manhattan Bank and First National State Bank of New Jersey.
 Debevoise, Plimpton, Lyons & Gates, New York City (Samuel E. Gates, Bernard J. Bonn III, New York City, of counsel), for defendants-appellees Union Commerce Bank and Union Planters Nat. Bank.
 Before KAUFMAN, Chief Judge, and MANSFIELD and OAKES, Circuit Judges.
 PER CURIAM:
 
 
 1
 By decision dated September 30, 1974, Judge Dudley B. Bonsal of the Southern District of New York granted motions dismissing with prejudice plaintiffs-appellants' claims against defendants-appellees in several related stockholders' class actions, except that common law fraud claims against defendant Union Commerce Bank were dismissed without prejudice (72 Civ. 4476). In another action (74 Civ. 66) a similar complaint was dismissed with leave to file an amended complaint with respect to certain diversity common law fraud claims against Union Planters National Bank. On November 8, 1974, orders were filed accordingly, and on November 11, 1974, judgment was entered on the order in 72 Civ. 4476. On December 2, 1974, an amended complaint was filed against Union Planters National Bank in 74 Civ. 66.
 
 
 2
 No notices of appeal from Judge Bonsal's orders were filed by plaintiffs until December 19, 1974, which was 41 days after entry of the order appealed from in 74 Civ. 66 and 38 days after entry of the order in 72 Civ. 4776. Since the notices were not filed within the 30-day period mandated by Rule 4(a), F.R.A.P., defendants promptly moved to dismiss the appeals on the ground that this court lacks jurisdiction to entertain them. See, e.g., United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Graddy v. Bonsal, 375 F.2d 764 (2d Cir. 1967); Guido v. Ball, 367 F.2d 882 (2d Cir. 1966). Appellants argue, however, that undisputed circumstances attested to by their counsel demonstrate that there was the substantial equivalent of timely filing, which should suffice. They urge that a literal, rigorous adherence to the formalistic requirements of Rule 4(a) would work a manifest injustice, in view of the positive steps taken by them to file within the prescribed 30-day period. See, e.g., Alley v. Dodge Hotel, 501 F.2d 880 (D.C.Cir. 1974); Crump v. Hill, 104 F.2d 36 (5th Cir. 1939). In the alternative, appellants urge that since the circumstances surrounding the late filing amount to 'excusable neglect' as that term is used in Rule 4(a), they should be granted an extension of time nunc pro tunc, which would validate the December 19 filing as timely.
 
 
 3
 The circumstances relied upon by appellants are as follows: On December 6, 1974, copies of notices of appeal were served by appellants upon appellees' counsel and, on the morning of December 10, 1974, within 30 days after the entry of judgment in 72 Civ. 4476, notices were presented to the Clerk of the District Court by appellants' representative, American Clerical Service ('ACS'), for filing, which was refused by the Clerk because of failure to tender the prescribed filing fees. Thereupon appellants' counsel authorized ACS, still on the morning of December 10, to advance the filing fees and was unequivocally assured by ACS that the notices of appeal would be filed that morning. However, ACS failed to file the notices. When appellants' counsel discovered this later in December, he filed them on December 19.
 
 
 4
 Although the foregoing circumstances, if not disputed, may well have entitled appellants to an extension of time on grounds of excusable neglect, they do not satisfy the timeliness requirement of Rule 4(a), which is 'mandatory and jurisdictional,' United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 159 F.2d 163, 165--66 (2d Cir. 1946). Were appellants pro se litigants we might be inclined toward a liberal interpretation of their unsuccessful filing efforts, see Haines v. Kerner,404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), in view of the pro se litigant's unfamiliarity with procedural requirements. See, e.g., Alley v. Dodge Hotel, supra. However, appellants were represented by experienced legal counsel, whose duty it was to protect his clients by seeing that the important filing deadline would be met. That deadline is not satisfied by service of a notice of appeal upon other parties, Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 159 F.2d 163, 166 (2d Cir. 1946), nor is the deadline extended by the untimely filing of a motion to amend or alter the judgment, 9 Moore's Federal Practice 204.12(2), p. 955 (1973 ed.), i.e., after the 10-day period prescribed by Rule 59(e), F.R.Civ.P., for filing such a motion, which cannot be enlarged, see Rule 6(b), F.R.Civ.P.; Spurgeon v. Delta Steamship Lines, Inc., 387 F.2d 358 (2d Cir. 1967); 9 Moore's Federal Practice 204.12(1), pp. 951--52 (1973 ed.).
 
 
 5
 Appellants' plea for an extension of time nunc pro tunc to December 19 is addressed to the wrong forum. Rule 4(a) authorizes the district court, not the court of appeals, upon a showing of excusable neglect, to grant an extension of not more than 30 additional days beyond the expiration of the original 30-day period for filing. Rule 26(b), F.R.A.P., furthermore, provides that a court of appeals 'may not enlarge the time for filing a notice of appeal'. See Alabama Labor Council, AFL--CIO P.E.U. Loc. No. 1279 v. Alabama,453 F.2d 922, 925 (5th Cir. 1972); 9 Moore's Federal Practice 226.02(2) (1973 ed.).
 
 
 6
 Appellees contend that it is now too late for appellants to obtain such an extension of time from the district court, since they failed to move within the additional 30-day period during which the time might have been extended. In the absence of unusual circumstances we would agree. For instance, if appellants, during the 30-day period following expiration of the time for filing a notice of appeal, had neither filed a notice of appeal nor moved in the district for an extension of time, no jurisdictional basis would exist for the district court to grant an extension of time nunc pro tunc and dismissal of a notice of appeal filed more than 60 days after entry of judgment would be mandated. See Edwards v. Doctors Hospital Inc., 242 F.2d 888, 891 (2d Cir. 1957), cert. denied, 356 U.S. 930, 78 S.Ct. 770, 2 L.Ed.2d 761 (1958).[1] Here, however, the filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time because of excusable neglect. See Evans v. Jones, 366 F.2d 772 (4th Cir. 1966); Reed v. People of State of Michigan, 398 F.2d 800 (6th Cir. 1968). Nothing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension of time to sanction the late filing of a notice of appeal within the second half of the 60-day period, provided a purported notice of appeal has actually been filed within that period. See C-Thru Products Inc. v. Uniflex, Inc., 397 F.2d 952, 954--55 (2d Cir. 1968); Pasquale v. Finch, 418 F.2d 627, 629 (1st Cir. 1969).
 
 
 7
 Although we thoroughly disapprove of the careless procedure followed by appellants' counsel, who demonstrated a singular disregard for or ignorance of the pertinent rules, we will remand the case, in view of the showing made, to the district court for the purpose of determining whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time nunc pro tunc to December 19, 1974, for the filing of their notices of appeal. If the district court should so find, the notice filed on that date will be deemed valid as to all appellants except Union Planters National Bank. Otherwise the appeals in 72 Civ. 4476 must be dismissed.
 
 
 8
 The purported appeal from the order dismissing the complaint against Union Planters National Bank in 74 Civ. 66 must in any event be dismissed for the reason that the order appealed from is not final, since plaintiffs, acting pursuant to leave granted by the district court, filed an amended complaint setting forth their claims based on common law fraud. See 9 Moore's Federal Practice 110.13(1), pp. 152--53 (1973 ed.); id. at 110.09, p. 127.
 
 
 
 [1]
 The record in that case reveals that the notice of appeal was filed more than 60 days after judgment was entered