John SANCHEZ, Plaintiff-Appellant,

v.

DALLAS MORNING NEWS et al.,
Defendants-Appellees.

No. 76–3172.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

Samuel W. Hudson, III, Dallas, Tex., for plaintiff-appellant.

Robert W. Smith, Bowen L. Florsheim, Dallas, Tex., for defendants-appellees.

Before AINSWORTH, GODBOLD and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellees move to dismiss this appeal on the ground that it was taken untimely, under rule 4(a), F.R.A.P., and that this court, therefore, lacks jurisdiction. The district court entered an order on June 17, 1976, dismissing appellant's cause of action. Appellant served a copy of his notice of appeal on opposing counsel on July 19, 1976, but did not file a notice of appeal with the clerk of the District Court for the Northern District of Texas until July 20, 1976, one day after the period for the filing of such notices had expired. Appellant alleges, however, that his counsel's secretary took the notice in question to the clerk for filing on July 19, 1976, the last date on which the notice could have been filed timely under the initial period set by rule 4(a),[1] but that the secretary inadvertently neglected to bring the required filing fee with her and that when she proffered the notice to the clerk without the fee, he refused to file it. The alleged occurrence took place near the end of the day, so that the clerk's office had closed by the time the secretary returned to her office. Therefore, filing of the notice was not accomplished until the next day.

Rule 4(a) imposes a thirty-day time limit from the entry of the district court

---

1. Since the order appealed from was entered on June 17, the thirtieth day thereafter—the final date of the initial filing period under rule 4(a)—was July 17. However, July 17 fell on a Saturday. Therefore, the filing period was extended until the end of Monday, July 19. Rule 26(a), F.R.A.P.

order in a case like this for the filing of a notice of appeal. The rule permits the district court to extend the filing time up to an additional thirty days "[u]pon a showing of excusable neglect," and enables the district court to grant such an extension before or after the initial thirty-day period has expired.[2]

Appellant contends that the July 19 attempted filing was timely, within the rule. In the alternative, appellant requests that we remand the case to the district court for a determination of excusable neglect. Appellees do not contest appellant's factual allegations as to the activities of latter's counsel's secretary on July 19, but argue that those facts do not constitute a compliance with rule 4(a).

■ We find that the instant motion cannot be adjudicated without a fuller exposition of the facts. It is possible that appellant's efforts, even without timely payment of the filing fee, were sufficient to constitute a valid filing. *See Parissi v. Telechron, Inc.*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955) (per curiam).[3] In the alternative, appellant should have the opportunity to present facts which, although short of the showing necessary to create a timely filing, may nevertheless demonstrate excusable neglect, therefore entitling appellant to an extension of time *nunc pro tunc* for the filing of his appeal. *See Stirling v. Chemical Bank*, 2 Cir., 1975, 511 F.2d 1030.[4] Since we have before us today only the untested allegations of appellant's affidavit, we remand this case to the district court for an evidentiary hearing and factual determination as to timeliness or excusable neglect, and to take consistent additional action as may be required. This court will retain jurisdiction over this case, pending the outcome below. *See Cramer v. Wise*, 5 Cir., 1974, 494 F.2d 1185; *Tuley v. Heyd*, 5 Cir., 1974, 492 F.2d 788; *Weaver v. Texas*, 5 Cir., 1972, 469 F.2d 1314; *Bryant v. Elliot*, 5 Cir., 1972, 467 F.2d 1109.

REMANDED FOR FURTHER PROCEEDINGS.

---

**2.** "[I]f a request for an extension is made after such time has expired, it shall be made by motion." Rule 4(a), F.R.A.P. Although the record in this case does not disclose the making of such a motion, the notice of appeal, which was filed within the extension period, permits the district court to entertain a request for an extension at a later date. *Stirling v. Chemical Bank*, 2 Cir., 1975, 511 F.2d 1030, 1032; *see* note 4 *infra*; *cf. Alley v. Dodge Hotel*, 1974, 163 U.S.App.D.C. 320, 501 F.2d 880, 886.

**3.** *Accord, Rothman v. United States,* 3 Cir., 1975, 508 F.2d 648, 651–52; *Brennan v. United States Gypsum Co.,* 10 Cir., 1964, 330 F.2d 728, 729.

**4.** In *Stirling* appellants served a copy of the notice of appeal on appellees' counsel within the thirty-day time limit. During the same period, appellants' representative, a clerical service, presented the notice to the clerk of the district court who refused to file it because of failure to tender the filing fee. Appellants' lawyer that day authorized the clerical service to advance the fee, and was assured that the notice would be filed on the same date. It was not filed, however, and appellants' counsel, on later discovering that fact, filed nine days later, on a date outside the initial thirty-day period. In remanding the case to the district court for an excusable neglect determination, the Second Circuit stated:

> [T]he filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time because of excusable neglect. . . .

511 F.2d at 1032. The *Stirling* court further held that rule 4(a) does not preclude a district court from granting an extension of time *nunc pro tunc*, more than sixty days after entry of the judgment appealed from, in order to validate a notice of appeal filed outside the initial thirty-day filing period but within the following thirty-day extension period. *Id.* at 1032–33.