Juris G. CEDERBAUMS, as next of friend, attorney for and, in behalf of Fernando Martinez, Petitioner,

v.

David HARRIS, Superintendent, Greenhaven Correctional Facility, Respondent.

No. 79 Civ. 330 (CHT).

United States District Court, S. D. New York.

Jan. 30, 1980.

Juris G. Cederbaums, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for respondent; Stephen M. Jacoby, Asst. Atty. Gen., New York City, of counsel.

## OPINION

TENNEY, District Judge.

In an Opinion and Order dated July 20, 1979, the Court denied Fernando Martinez' habeas corpus petition. By motion made returnable August 20, 1979, Martinez, by his counsel, Juris G. Cederbaums, moved for an order pursuant to 28 U.S.C. § 2107 extending Martinez' time to appeal the denial of the petition. On August 28, the Court denied that motion by Memorandum Endorsement. Cederbaums now seeks reargument of that denial and seeks permission to file a notice of appeal. For the reasons given briefly below, the motion for reargument is granted.

## BACKGROUND

In the motion for an extension of time, Cederbaums stated that he had filed with Governor Hugh Carey of the State of New York a petition for executive commutation of sentence and stated also that the commutation, if granted, would render this action moot. Affirmation of Juris G. Cederbaums, dated August 8, 1979, ¶ 3. Cederbaums expected a decision "in the very near future." *Id.* ¶ 4. He explained that Martinez' family "is of limited financial means, and the expenses of perfecting an appeal in this matter are such that we want to avoid them unless absolutely necessary." *Id.*

The Court denied the motion for extension by Memorandum Endorsement dated August 28, 1979. The Court concluded that 28 U.S.C. § 2107, by its plain terms, did not encompass the basis for Martinez' request. Specifically, the Court reasoned that Martinez sought the extension in order to conserve financial resources, but that section 2107 allows a district court to grant an extension only "upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree." Accordingly, the Court concluded that it was powerless to grant the requested relief.

On October 2, 1979 Cederbaums moved to reargue the Court's denial of the extension of time to appeal. Affidavit of Juris G. Cederbaums, dated September 27, 1979. He set out additional circumstances explaining his failure to file a timely notice of appeal from the Court's original decision. One such circumstance was his receiving notice from the State Attorney General's office stating that it would not oppose the request for an extension. He subsequently called this Court's chambers and "expressed his feeling that the motion would be granted since opposing counsel had consented." *Id.* ¶ 4. The law clerk stated that Cederbaums could not assume that the motion would be granted.

On September 19, 1979, the day before a notice of appeal would have been due—had the extension been granted—Cederbaums again called the Court. He was informed that the motion for an extension had been denied on August 28. He explains that he never received notification of the denial of the extension from the Clerk of the Court of the Southern District ("Court Clerk").

Against this background, Cederbaums contends that the Court's failure to rule on the motion for an extension within the original time to appeal or its failure to give notice of the proposed ruling unfairly deprived his client of appeal. On that basis and on the Court Clerk's failure to notify him of the denial of the extension, he prays for a grant of his motion to reargue and for permission to file a notice of appeal and certificate of probable cause.

## DISCUSSION

■ The Court notes that the motion for reargument was made more than 10 days after both the denial of the motion for an extension, on August 28, and counsel's learning of the denial, on September 19, and would appear to be barred on that basis. General Rule of the Southern District 9(m). The motion is timely, however, under Federal Rule of Civil Procedure 60(b)(1) (excusable neglect). Counsel has moved, as Rule 60(b)(1) requires, within a reasonable time and within a year of the denial of the extension. Alternatively, the Court could construe the motion as a new motion for an extension—though the Court does not do so. Construing the motion as one within Rule 60(b)(1), the Court concludes that Martinez' counsel has demonstrated excusable neglect within the meaning of this Rule. The attorney's otherwise diligent efforts on behalf of his client, including seeking executive commutation, his timely efforts to ascertain the status of the motion, his failure to receive notice from the Court Clerk's office, and the lack of prejudice or even opposition from the State are among the factors favoring relief in this instance.

The next question is whether Cederbaums now demonstrates excusable neglect in failing to file a notice of appeal within the original 30-day period. In addressing this question, the Court notes that in its denial of the original and timely motion for an extension, the Court looked to the meaning of excusable neglect under 28 U.S.C. § 2107. That section provides in part:

> The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a·showing of excusable neglect *based on failure of a party to learn of the entry of the judgment, order or decree.*

(Emphasis added).

■ Based on that standard, the Court concluded that it was powerless to grant the extension. Memorandum Endorsement

dated August 28, 1979. The Court should not, however, have relied on the limited statutory standard for excusable neglect under section 2107 in denying the extension. To the extent that section 2107 conflicts with Federal Rule of Appellate Procedure 4(a), the latter governs. 28 U.S.C. § 2072; 9 Moore's *Federal Practice* ¶¶ 201.07, 204.07 (2d ed. 1975). Rule 4(a) does differ from section 2107 in the pertinent provision. Rule 4(a) provides in part:

> Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

Rule 4(a) is without the limitation on excusable neglect found in section 2107 (see emphasized portion of section, *supra*) and has provisions regarding the timing of extensions. Rule 4(a), therefore, rather than section 2107, applies to this case.

The applicability of Rule 4(a) and its broader standard of "excusable neglect" would not have led to a different result on the original motion for an extension of time, however. Saving the costs of appeal would still not amount to excusable neglect, given the strictness with which that term is to be construed and the compelling circumstances needed to satisfy it. *See Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76–77 (2d Cir. 1978).

■ The Court concludes, however, that Cederbaums has demonstrated excusable neglect on his motion for reconsideration. Had he been aware that the motion for an extension had not been granted on August 20, he could that day have filed a timely notice of appeal. The circumstances that underlay his incorrect assumption and his failure to learn of the denial amount, in the circumstances of this case, to excusable neglect.

Conserving the financial resources of a needy family is still an insufficient basis for finding excusable neglect, but this purpose led counsel to conclude that he had shown a basis for an extension and to assume that the extension would be granted. Of greater weight are his efforts to ascertain the status of the motion in time to file a notice of appeal should the motion be denied. The Court did not inform him of the denial in time for him to appeal within the original 30-day period. In fact, the motion was decided on August 28—eight days after the return date and eight days too late to file a timely appeal. The Court Clerk's office did not subsequently inform him of the denial. Had it done so, presumably Cederbaums would have earlier sought reconsideration. *Cf. id.* at 77 (not excusable neglect where opposing party promptly received court's opinion and order, and the *only* extenuating circumstance is failure of clerk to send notice of entry of judgment) (original emphasis). Additionally, the lack of opposition by the State to the motion for an extension led Cederbaums to expect that the motion would be granted. The fact of the timely motion for an extension also supports granting relief here; although Cederbaums sought to delay the filing of the notice of appeal, he appeared to intend to pursue appeal diligently if the governor did not grant the commutation in the near future. The Court does not, of course, mean either to encourage less than diligent pursuit of appeal—with all its prerequisites—nor to excuse less than diligent pursuit. As a matter of discretion, however, the Court decides that in the circumstances of this case counsel should be able to pursue his appeal.

One final question remains: whether at this stage, after the original 30-day period and the 30-day extension period, where granted, have both elapsed, the Court retains power to allow Cederbaums to appeal.

In *C–Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952 (2d Cir. 1968), the court of appeals upheld the allowance of an appeal in the following circumstances. The dis-

trict court filed an amended judgment on July 27, 1967. Plaintiff filed a notice of appeal and bond, with a motion for an extension, on September 20, 1967. Defendant responded on September 29 with affidavits and memoranda on the motion. Plaintiff replied on October 2. The court held a hearing on October 4. On October 10 the court rendered a decision; on October 25 it entered an order extending the time to appeal based on a sufficient showing of excusable neglect; and on November 2, it entered an order that the notice of appeal filed September 20 was deemed timely filed. In opposing the extension, the defendant argued that Rule 73, then applicable, had to be strictly construed to require both the showing of excusable neglect and the entry of the order of extension to be made within 60 days of the order appealed from. The court of appeals responded:

> Such an interpretation would be unduly harsh and contrary to the spirit and purpose of Rule 73 as in effect in 1967. The time limitation is intended to set a period on which the parties may rely for required action by a litigant, not to dragoon a busy trial court into hasty and ill-considered action by the risk of destruction of appellate rights if the court does not meet the fixed deadline.

*Id.* at 955. The court of appeals further noted that the 60th day passed while defendant was taking nine days to respond to the motion. The court of appeals further noted that the defendant was on notice on September 20 that plaintiff intended to appeal; it could therefore prepare to resist the appeal. Accordingly, the court of appeals held plaintiff's action timely and the court's ruling effective. *Id.*

In *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975), the court of appeals concluded that a district court has in appropriate circumstances the power to grant an extension *nunc pro tunc*. The district court dismissed complaints in two actions on September 30, 1974. On November 8, the court filed orders effecting the dismissals; on November 11, judgment on the order was entered in one of the two actions. Plaintiffs did not file notices of appeal until December 19, 38 days after the judgment appealed from in one action and 41 days from the order appealed from in the other action. Defendants moved to dismiss the appeals for lack of jurisdiction because the appeals were not filed within the 30 days allowed by Rule 4(a). Plaintiffs, in opposing the motions, relied on the following circumstances: (1) timely notices of appeal were served on opposing counsel, and (2) a filing agent representing plaintiffs had timely tried to file the notices with the district court, but had failed because the agent did not tender filing fees. Plaintiffs' counsel, regarding the second circumstance, authorized the filing agent to advance the fees and were assured that the notices would be filed that same morning. The service failed to file the notices. When plaintiffs' counsel learned of this failure, he filed the notices on December 19—beyond the 30 days allowed. The court of appeals held that the efforts to file the notices within the 30 days did not satisfy the mandatory and jurisdictional timeliness requirement—especially where plaintiffs were represented by experienced counsel. *Id.* at 1031–32. It also concluded that the application for an extension *nunc pro tunc* to December 19 should have been addressed to the district court, not to the court of appeals. *Id.* at 1032. The court of appeals then concluded that the district court would not have jurisdiction to grant a *nunc pro tunc* extension if an appellant had within the 60 days neither filed a notice of appeal nor moved in the district court for an extension. On the facts before it, the court of appeals held that the district court could treat the notice of appeal as the equivalent of a motion for an extension on the ground of excusable neglect. To support this conclusion, the court of appeals relied on the filing of notices of appeal within the 60 days, the prima facie showing of excusable neglect, and the timely service of notices of appeal on opposing counsel.

> Nothing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension of time to sanction the late filing of a

notice of appeal within the second half of the 60-day period, provided a purported notice of appeal has actually been filed within that period.

*Id., citing, e. g., C–Thru Products, Inc., supra.* On another ground, the court of appeals dismissed the appeal in one of the actions. *Stirling, supra,* 511 F.2d at 1033.

■ In the instant case, Cederbaums did move for an extension within 60 days of the order appealed from, and the circumstances establish excusable neglect. The Court has the impression that Cederbaums attempted to file a notice of appeal within the 60 days, but the Court is unable to so determine from the record. Rather than reaching the question whether the motion for an extension is sufficient in these circumstances for the Court to allow the appeal, and to supplement the record, the Court will give Cederbaums 20 days from the entry of this order to provide affidavits bearing on whether he did attempt to file a notice of appeal. After that 20-day period, the Court will enter an order either allowing or disallowing Cederbaums to proceed with the appeal.

### CONCLUSION

In conclusion, the Court grants Cederbaums' motion for reargument of the Court's original denial of an extension of time to appeal. Cederbaums has 20 days from the entry of this order to provide affidavits establishing that he attempted to file a notice of appeal within 60 days of the order appealed from. At the end of that 20-day period, the Court will determine whether Cederbaums may proceed with the appeal.

So ordered.