Juris G. Cederbaums, New York City, for petitioner.

Robert Abrams, Atty. Gen. State of New York, New York City, for respondent; Stephen M. Jacoby, Marion Buchbinder, Asst. Attys. Gen., New York City, of counsel.

**Juris G. CEDERBAUMS, as next of friend, attorney for and in behalf of Fernando Martinez, Petitioner,**

v.

**David HARRIS, Superintendent, Greenhaven Correctional Facility, Respondent.**

**No. 79 Civ. 330 (CHT).**

United States District Court, S. D. New York.

March 17, 1980.

OPINION

TENNEY, District Judge.

By Opinion and Order dated January 30, 1980, the Court granted Juris G. Cederbaums' motion for reargument of the Court's denial of an extension of time to appeal. The Court allowed Cederbaums 20 days to provide an affidavit establishing that he attempted to file a notice of appeal within 60 days of this Court's Opinion and Order, dated July 20, 1979, denying Fernando Martinez' habeas corpus petition. Cederbaums

has provided the Court with an Affidavit, sworn to February 19, 1980 ("Cederbaums' Aff.").

In its January 30th Opinion and Order, the Court analyzed Cederbaums' attempts to pursue an appeal on Martinez' behalf. The Court then concluded that Cederbaums had established excusable neglect under Federal Rule of Appellate Procedure 4(a) ("Rule")[1] in failing to perfect the appeal on time. The record was unclear, however, as to whether he had actually attempted to file a notice of appeal within 60 days (30 days plus a 30-day extension period) of the Order from which he sought appeal. Rather than reach the question whether Cederbaums' motion for an extension was the equivalent of filing a notice of appeal, and to supplement the record, the Court gave Cederbaums the opportunity to establish that he did attempt to file a notice of appeal.

In his affidavit, Cederbaums states:

I am not in a position to state that I actually attempted to physically file a document entitled *Notice of Appeal* with the Court, in that I did not appear at the Clerk's office with this piece of paper at any time, attempt to file it, and be rebuffed in my efforts. My "attempt to file a notice of appeal" consisted of bringing on the various motions which are the subject of the Court's latest decision. Obviously, had I not been desirous of filing a notice of appeal, I could not have engaged in this extensive motion practice.

Cederbaums' Aff. ¶ 7. The Court is thus presented with the question whether Cederbaums should be allowed to pursue his appeal without having actually filed a notice of appeal within the 60 days. The Court concludes that he should be allowed to appeal.

In *C–Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952, 955 (2d Cir. 1968), the court of appeals stated at least in part the rationale of the time requirement under then governing Rule 73.

The time limitation is intended to set a period on which the parties may rely for required action by a litigant, not to dragoon a busy trial court into hasty and ill-considered action by the risk of destruction of appellate rights if the court does not meet the fixed deadline.

In *C–Thru Products, Inc.*, the appellant had failed to file a notice of appeal within 30 days of the amended judgment from which it sought appeal. It had, however, filed a notice of appeal and a bond, along with a motion for an extension of time to appeal, within the 60-day period of Rule 73. The court of appeals concluded that it was sufficient that the appellee was on notice of appeal within the 60 days "so that it might take whatever steps were needed to prepare to resist the appeal." *Id.* In the case at bar, Cederbaums filed his motion for an extension during the first 30-day period. The defendant was then on notice that Cederbaums intended to pursue the appeal on Martinez' behalf. Had the motion been granted or denied by the return date, *see generally* January 30 Opinion and Order, Cederbaums could have filed a timely notice of appeal. The Court notes, moreover, that the defendant neither opposed the motion for an extension nor the motion for reconsideration of the denial.

Language in *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975), appears to require, however, that a notice of appeal actually be filed within the 60-day period of now applicable Rule 4(a). The court of appeals stated:

Nothing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension

---

1. Rule 4(a) provides in part:
    Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

of time to sanction the late filing of a notice of appeal within the second half of the 60-day period, *provided a purported notice of appeal has actually been filed within that period.*

511 F.2d at 1032 (emphasis added). Cederbaums did not file a notice of appeal within the 60-day period, but he did move for an extension within the 60-day period; in fact, he did so within the first 30-day period. The critical determination appears to be whether the would-be appellant, within 60 days, took a concrete step to appeal: either by filing a notice of appeal or by moving for an extension. In *Stirling*, the appellant served notices of appeal on opposing counsel within the 30 days, but he did not actually file the ╷notice of appeal or move for an extension within the 30-day period. The notice of appeal was filed in the next 30-day period, but appellant failed to move for an extension during that second 30-day period. Appellees contended that the failure to ˙move for an extension within 60 days rendered the appeal ineffective. The court of appeals disagreed.

> [I]f appellants, during the 30-day period following expiration of the time for filing a notice of appeal, *had neither filed a notice of appeal nor moved in the district [court] for an extension of time*, no jurisdictional basis would exist for the district court to grant an extension of time *nunc pro tunc* and dismissal of a notice of appeal filed more than 60 days after entry of judgment would be mandated.
> .  .  .  Here, however, the filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time because of excusable neglect.      .

*Id.* (emphasis added; citations omitted).

Here, Cederbaums has demonstrated excusable neglect. Opinion and Order dated January 30, 1980, at 6–8. Secondly, he filed a motion for an extension during the first 30-day period, giving the defendant and the Court notice that he intended to pursue an appeal. On this point, the suggestion in *Stirling* that either moving for an extension or filing a notice of appeal within the 60 days is sufficient to preserve the right to appeal (see the emphasized portion of the language quoted directly above) belies the *Stirling* language previously quoted, which appears to require absolutely that a notice of appeal be filed within the 60 days. Either a notice of appeal or a motion for an extension gives the party's adversaries notice that the party intends to appeal. In this case, the defendant knew that Cederbaums intended to appeal, and the defendant did not oppose the extension. In effect, the Court now concludes that Cederbaums' motion for an extension was the equivalent of filing a notice of appeal, for the purpose of determining whether he acted timely. In *Stirling*, the court of appeals concluded that filing a notice of appeal, under the circumstances there, was the equivalent of moving for an extension.

A third reason not to require that Cederbaums actually have filed a notice of appeal is that, having learned that his motion for an extension had been denied, he would have considered it futile to attempt to file a notice of appeal after the first 30-day period had elapsed. Instead, he moved for reconsideration of the denial of the extension motion.

In summary, based on the reasons stated in this Opinion and Order and in the Opinion and Order dated January 30, 1980, the Court concludes that Cederbaums may pursue his appeal on Martinez' behalf. He did not file a notice of appeal within the original 30 days or the 30-day extension period prescribed by Rule 4(a), but he did timely move for an extension of time to appeal and thereby put the defendant on notice that he intended to appeal. Furthermore, the defendant did not object to the motion for an extension or to the motion for reconsideration.

Finally, the Court concludes that Martinez' habeas corpus petition is not frivolous and is deserving of appellate review.

So ordered.