173 B.R. 301 (1994)
In re R.H. MACY & CO., INC., et al., Debtors.
Patrick SELLITTI, Appellant,
v.
R.H. MACY & CO., INC., and Macy's Northeast, Inc., Appellees.
R.H. MACY & CO., INC., and Macy's Northeast, Inc., Movants,
v.
Patrick SELLITTI, Respondent.
No. 94 Civ. 1223 (JES).
United States District Court, S.D. New York.
October 20, 1994.
Weil, Gotschal & Manges, New York City (Judy G.Z. Liu, of counsel), for movants.
Bosco, Bisignano & Mascolo, Staten Island, NY (Anthony Bisignano, of counsel), for respondent.

MEMORANDUM OPINION AND ORDER
SPRIZZO, District Judge.
Appellees R.H. Macy & Co., Inc., and Macy's Northeast, Inc., ("Appellees" or "Macy's") move to dismiss the above-captioned appeal on the ground that the filing of the notice of appeal was untimely. For the reasons that follow, that motion is granted.

BACKGROUND
By Order dated December 2, 1993, the United States Bankruptcy Court for the Southern District of New York denied the motions of certain Macy's creditors including appellant Patrick Sellitti ("Sellitti") and Keith Falzon ("Falzon"), each of whom had requested leave to file a late proof of claim in the Macy's Chapter 11 cases and to have such claim deemed timely filed. See Affidavit of Judy G.Z. Liu dated March 10, 1994 ("Liu Aff."), Ex. B. On December 10, 1993, Falzon filed a timely notice of appeal from that Order. See Liu Aff., Ex. C. Thereafter, on December 23, 1993, Sellitti filed a notice of appeal from the same Order.
On March 11, 1994, Macy's filed a motion to dismiss Sellitti's appeal on the ground that the notice of appeal was untimely. In response to the motion, Sellitti filed a memorandum of law in opposition to the motion to dismiss and a request to treat the notice of appeal as a request to extend time for filing the notice of appeal.

DISCUSSION
Under Fed.R.Bankr.P. 8002(a), in order to file a timely appeal, an appellant must file a notice of appeal within ten days of the date of entry of the order to be appealed. If, however, a "timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed." See Fed.R.Bankr.P. 8002(a). "Failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985).
*302 Here, since Falzon filed his notice of appeal on December 10, 1993, within the tenday period following entry of the bankruptcy court Order on December 2, 1993, Fed. R.Bankr.P. 8002(a) afforded Sellitti ten days from that date, until December 20, 1993, within which to file his notice of appeal. However, since Sellitti did not file his notice of appeal until December 23, 1993, three days after the time prescribed by the rules, his notice of appeal was untimely.
Moreover, Sellitti's reliance on Stirling v. Chemical Bank, 511 F.2d 1030 (2d Cir.1975), for the proposition that this Court may treat his late filed notice of appeal as an application for extension to this Court is misplaced. In Stirling, the Second Circuit held that a late-filed notice of appeal from an order of the district court could be deemed a motion before the Court of Appeals for an extension of time to file the appeal. See id. at 1032. However, subsequent to the Stirling decision, Fed.R.App.P. 4(a)(5), on which Stirling was based, was amended.[1]See Campos v. LeFevre, 825 F.2d 671 (2d Cir.1987). In view of that amendment, the Second Circuit will no longer treat a late-filed notice of appeal as a motion for an extension of time to file such notice. Id. Indeed, the Second Circuit has held that "there is only one way to obtain an extension of time, and that is to file a motion above and beyond the notice of appeal." Id. at 675. That being so, this Court may likewise no longer deem a late-filed notice of appeal to be an application for an extension of time to file that notice of appeal. This is especially true since the bankruptcy rules specifically provide that an application for an extension of time to file an appeal must be made to the bankruptcy court. Bankruptcy Rule 8002(c) provides, in pertinent part:

"Extension of Time for Appeal. The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more that 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. . . . "
See Fed.R.Bankr.P. 8002(c). Sellitti made no such application to the bankruptcy court. Accordingly, Macy's motion to dismiss the appeal must be granted.

CONCLUSION
For the reasons stated above, appellees' motion to dismiss the appeal shall be and hereby is granted. The Clerk of Court is directed to close the above-captioned action.
It is SO ORDERED.
NOTES
[1] Federal Rules of Appellate Procedure 4(a)(5) provides, in pertinent part: "The district court, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."