

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2005

# In Re: Seagull

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Seagull " (2005). *2005 Decisions*. Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1744

_____

IN RE: LEWIS M. SEAGULL,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-03211)

District Judge: The Honorable William G. Bassler

_____

Submitted under Third Circuit LAR 34.1(a) – November 15, 2005

_____

Before: BARRY and AMBRO, <u>Circuit</u> <u>Judges</u>.
and POLLAK,* <u>District</u> <u>Judge</u>.

(Filed: November 28, 2005)

_____

OPINION

_____

---

*Honorable Louis H. Pollak, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

1

POLLAK, <u>District</u> <u>Judge</u>:

This is an appeal from an order of the United States District Court for the District of New Jersey dismissing appellant Lewis Seagull's *pro se* appeal of the Bankruptcy Court's grant of summary judgment against him.

Because we write primarily for the parties, we will recite only those facts and aspects of the procedural history that are of particular pertinence. Appellant, a former attorney and debtor in bankruptcy, had requested discharge of a number of claims asserted against him by the New Jersey Lawyers' Fund for Client Protection ("the Fund"), which sought reimbursement for payments it had made to some of appellant's clients subsequent to his disbarment. The Bankruptcy Court ultimately granted summary judgment in favor of the Fund, finding that appellant obtained the sums owed to the Fund by misrepresentation, and therefore the debts were excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)[1]. Appellant filed a motion for reconsideration, which the Bankruptcy Court denied on May 7, 2004. Appellant filed a notice of appeal with the District Court on Monday, June 7, 2004, thirty-one days after the Bankruptcy Court had denied his motion for reconsideration. The District Court's dismissal of that appeal is the basis of this appeal.

---

[1] In relevant part, § 523(a) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt. . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud. . . ."

2

Bankruptcy Rule 8002 provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The Rule goes on to make express provision for extending the ten-day period: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal. . . ."

Thus, pursuant to Rule 8002, one intending to appeal a bankruptcy court order must do so within ten days of the date of the order, or, if a motion to extend the time for filing a notice of appeal has been filed and granted, within an additional twenty days – i.e., within an aggregate of thirty days from the date of the order sought to be appealed. Appellant filed what he denominated a notice of appeal on the thirty-first day. Because the thirtieth day was a Sunday, filing on the thirty-first day would have been timely[2] if appellant had previously moved for an extension of time to file a notice of appeal, and the motion had been granted. But appellant had never filed a motion for extension of time, and so the predicate for filing a notice of appeal was lacking.

---

[2] Bankruptcy Rule 9006 reads in relevant part as follows: " The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days."

3

Appellant contends that "[i]t goes without saying that one who attempts to file an appeal intends, if necessary, to file an extension" and that the District Court was unduly technical in failing to treat his late-filed notice of appeal as containing an implicit motion for extension of time. We reject this contention, as appellant cites no case in support of it, and the case law in fact establishes the contrary – that it is not the practice of the federal courts to transform a late-filed notice of appeal into both a notice of appeal and a motion for extension of time in which to file such notice. *In re R.H. Macy & Co.*, 173 B.R. 301, 302 (S.D.N.Y. 1994); *Herman v. Guardian Life Ins. Co. of America*, 762 F.2d 288, 289-90 (3d Cir. 1985); *Poole v. Family Court of New Castle County*, 368 F.3d 263, 267 (3d Cir. 2004).

Appellant does not offer any legal argument excusing his failure to timely file his notice of appeal, but rather suggests this court should look past procedural "technicality" and consider the merits of his case. However, the timely filing requirement of Rule 8002, far from being a mere technicality, is a jurisdictional prerequisite. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *In re Universal Minerals, Inc.*, 755 F.2d 309, 310-11 (3d Cir. 1985). The District Court therefore could not have properly considered the merits of appellant's appeal, and neither can this Court. We will affirm the District Court's dismissal of the appeal from the Bankruptcy Court.