

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# In Re: Alghny Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3841

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Alghny Health " (2006). *2006 Decisions.* Paper 1038.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1038

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3841

_____

IN RE: ALLEGHENY HEALTH, EDUCATION &
RESEARCH FOUNDATION
also known as ALLEGHENY HEALTH SERVICES, INC.
also known as ALLEGHENY HEALTH FOUNDATION,
also known as ALLEGHENY HEALTH
MANAGEMENT SERVICES, INC.

Debtors,

_____

MICHELLE KIRKLAND,

Appellant,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 05-CV-0719)
(District Judge: Honorable Gary L. Lancaster)

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2006
Before: RENDELL and VAN ANTWERPEN, Circuit Judges,
and ACKERMAN, District Judge.[*]

(Filed: May 25, 2006)

_____

_____

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

OPINION OF THE COURT

ACKERMAN, <u>District</u> <u>Judge</u>.

Appellant Michelle Kirkland appeals from the District Court's Order granting the motion of the Chapter 11 Trustee in this matter to dismiss Kirkland's appeal from an Order of the Bankruptcy Court. Because Kirkland filed her notice of appeal with the District Court outside of the 10-day period required under Federal Rule of Bankruptcy Procedure 8002(a), and because she failed to move in writing for an extension of the time for filing an appeal under Federal Rule of Bankruptcy Procedure 8002(c), we will affirm the District Court's dismissal of her appeal as untimely.

Because we write only for the parties, we will recite only those facts necessary to our analysis. On July 17, 2000, Kirkland filed two Proofs of Claim with the United States Bankruptcy Court for the Western District of Pennsylvania in *In re Allegheny Health, Education and Research Foundation*, Bankr. No. 98-25773. The Chapter 11 Trustee in *In re Allegheny*, William F. Scharffenberger, filed an objection to Kirkland's proofs of claim in October 2003, and moved for summary judgment seeking disallowance of the proofs of claim in October 2004. Kirkland also filed a motion for partial summary judgment on her claims in October 2004. The Bankruptcy Court issued an order dated March 11, 2005 in which it granted the Trustee's motion for summary judgment, denied Kirkland's motion for partial summary judgment, and disallowed Kirkland's claims. This Order was entered

on the docket on March 14, 2005.

Under Bankruptcy Rule 8002(a), Kirkland had 10 days from the entry of the Bankruptcy Court's order to file a notice of appeal with the District Court. Kirkland filed her notice of appeal on May 24, 2005, 27 days after entry of the Bankruptcy Court's order. The Trustee moved to dismiss the appeal as untimely. In a summary order dated July 26, 2005, the District Court granted the Trustee's motion and dismissed Kirkland's appeal as untimely. Kirkland appeals, asking this Court to remand for the District Court to consider whether Kirkland's failure to file a timely notice of appeal was the result of excusable neglect.

Bankruptcy Rule 8002(a) states that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." This Court has held that "[t]his deadline is strictly construed." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *see also In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985) (stating that Rule 8002(a) requires "strict compliance with its terms"). The failure to file a timely notice of appeal deprives the district court of jurisdiction to hear the appeal. *Shareholders*, 109 F.3d at 879. Bankruptcy Rule 8002(c) allows a bankruptcy judge to "extend the time for filing the notice of appeal by any party." Bankr. Rule 8002(c)(1). However, a party must make a request for an extension under this Rule "by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after

3

the expiration of the time for filing such a notice of appeal may be granted upon a showing of excusable neglect." Bankr. Rule 8002(c)(2). The Rule allows for an extension of no more than 20 days. *Id.*

Kirkland concedes that she did not file a written motion with the Bankruptcy Court seeking an extension. Rather, she simply filed a notice of appeal 27 days after the entry of the Bankruptcy Court's order, or 17 days late. Kirkland did not raise excusable neglect as a reason for her untimely notice of appeal until her July 5, 2005 response to the Trustee's motion to dismiss. This assertion of excusable neglect came well after the Bankruptcy Court entered its order on March 14, 2005. As this Court has previously held, Rule 8002(c) "requires that even in cases of excusable neglect, the issue must be raised and the appeal filed within the 30-day window of Rule 8002 (Rule 8002(a)'s 10 days for the appeal + 8002(c)'s 20 days for the extension.)" *Shareholders*, 109 F.3d at 879. Kirkland failed to do so.

We reject Kirkland's argument that the District Court should have treated the notice of appeal, filed within the 30-day window, as a request to extend the time for filing the notice of appeal. *E.g.*, *Poole v. Family Court of New Castle County*, 368 F.3d 263, 267 (3d Cir. 2005) (refusing to construe notice of appeal in civil matter as motion to extend time to appeal); *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 289-90 (3d Cir. 1985) (same); *In re R.H. Macy & Co.*, 173 B.R. 301, 302 (S.D.N.Y. 1994) (refusing to deem late-filed notice of appeal in bankruptcy case as application for

4

extension of time to file notice of appeal).  Contrary to Kirkland's assertion, the District Court could not have determined whether excusable neglect existed in the first instance, because the Bankruptcy Rules specifically provide that a request for extension of time to file a notice of appeal must be made to the Bankruptcy Court.  *In re R.H. Macy*, 173 B.R. at 302.

Because Kirkland did not file a written motion with the Bankruptcy Court for an extension of time to appeal, and because she did not raise excusable neglect within the time limits of Rule 8002(c), the District Court could not consider excusable neglect and properly concluded that it lacked jurisdiction to hear Kirkland's appeal.  The District Court did not err in dismissing Kirkland's appeal, and accordingly, we will AFFIRM.