**650 PARK AVENUE CORPORATION,**
**Plaintiff–Appellee,**

v.

**Maria McRAE, Defendant–Appellant.**

**Docket 87–7951.**

United States Court of Appeals,
Second Circuit.

Submitted Jan. 5, 1988.
Decided Jan. 8, 1988.

Robert S. Churchill, New York City (Gerstein & Churchill, New York City, of counsel), for plaintiff-appellee.

Joseph M. Aronow, New York City, for defendant-appellant.

Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

This motion requires us to address the issue of what constitutes "excusable neglect" justifying a district court's extension of the time in which to file a notice of appeal under Fed.R.App.P. 4(a)(5). Plaintiff 650 Park Avenue Corporation seeks the dismissal of an appeal by defendant Maria McRae from Judge Carter's grant of summary judgment awarding plaintiff damages in the amount of $60,586.50. Although Fed.R.App.P. 4(a)(1) provides, in civil cases not involving the government, that a "notice of appeal ... shall be filed within 30 days after the date of entry of the judgment ... appealed from," McRae failed to file her notice of appeal within the thirty-day period. Instead, fifty-six days after judgment had been entered, McRae filed a motion under Rule 4(a)(5) for an extension of time, arguing that the failure to comply with Rule 4(a)(1) was the result of "excusable neglect." Judge Carter granted the extension. We conclude that the extension constituted an abuse of discretion and dismiss the appeal.

The relevant facts may be briefly stated. The judgment was signed by Judge Carter in the presence of defendant and her attorneys on September 3, 1987 and was filed the same day. Thirty-six days later, on October 9, 1987, plaintiff began efforts to enforce its judgment by filing a motion for an order requiring McRae to surrender her cooperative apartment at 650 Park Avenue in Manhattan. The motion was returnable on October 30 before Judge Carter. On October 29, McRae requested the adjournment of plaintiff's motion and sought an order extending the time in which she could file a notice of appeal. In support of her request for an extension, McRae presented two affidavits. The first, signed by her attorney, Joseph M. Aronow, Esq., reads in pertinent part as follows:

5. On or about September 3, 1987 the defendant Maria McRae instructed me to file a Notice of Appeal to the United States Circuit Court of Appeals.

6. On or about September 23, 1987 the Notice of Appeal was typed in final form by Estelle Moody and executed by me, Exhibit 13. See affidavit of Estelle Moody annexed.

7. Immediately thereafter discussions were entered with the Fidelity & Deposit Company of Maryland to secure a Supersedeas Bond; and with Shearson Lehman Bros. to arrange for collateral for the bond. See letter dated September 29, 1987 to Shearson. (Exhibit 14). Arrangements were made with Shearson to deliver a bearer bond in the amount of $100,000.00 to the Bank of New York as collateral for a Letter of Credit to be issued by the Bank of New York in favor of the Fidelity & Deposit Company of Maryland. After considerable delay on the part of Shearson, the arrangements were completed and Fidelity & Deposit Company issued a Supersedeas Bond, Exhibit 15.

8. In making arrangements for the filing of the Supersedeas Bond, I first discovered that the Notice of Appeal had not been filed as I had directed on September 23, 1987.

9. Ordinarily I use the American Clerical Service to file my papers. Upon inquiry, they informed our office that they have no record of receiving the Notice of Appeal from us or filing with the

clerk of the United States District Court. That [sic] there exists excusable inadvertence in the failure to insure the perfection of the filing of a Notice of Appeal within the thirty day statutory period. That [sic] relief as provided in Rule 4(a)(5) of the Federal Rules of Appellate Procedure for the United States Court of Appeals permits for [sic] extension for an additional thirty days for the filing of the Notice [sic] of Appeal with the court's approval.

The second affidavit, that of Estelle Moody, stated in its entirety:

1. I am employed as a secretary in the office of Joseph M. Aronow and make this affidavit in support of defendant's application for an Order to Show Cause in the above-entitled matter.

2. On or about September 23, 1987 I typed the final form of the Notice of Appeal in this action, a copy of which is annexed to the affidavit of Joseph M. Aronow herein. I typed this document from a pencilled draft form prepared by Mr. Charles C. Leutke of our office dated September 3, 1987.

3. Mr. Aronow reviewed the document and signed it in my presence on the date referred to above.

On November 5, 1987, Judge Carter issued an order giving McRae one week to file a notice of appeal. McRae filed her notice of appeal on November 5.

It is important to note that "the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam) (quoting *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978)). The purpose of the timeliness requirements of Rule 4(a)(1) and its statutory counterpart, 28 U.S.C. § 2107 (1982),[1] "is to provide a definite point at which, in the absence of a notice of appeal, litigation will come to a close." *Fase v. Seafarers Welfare & Pen-*

*sion Plan*, 574 F.2d 72, 75 (2d Cir.1978); *see also In re Orbitec Corp.*, 520 F.2d 358, 362 (2d Cir.1975). Thus, "the requirements of [Rule] 4(a)(1) and its predecessors with respect to the time for taking an appeal have long been treated as especially rigid." *In re O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 916 (2d Cir.1985); *see also Fase*, 574 F.2d at 76.

A seeming exception to this rigidity is Rule 4(a)(5), which provides that:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a)(5); *cf.* 28 U.S.C. § 2107 ("The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree."). "Good cause" is the appropriate standard when the appellant seeks an extension before the end of the first thirty-day period, while "excusable neglect" governs situations "in which the motion is made after the time for filing the appeal has run." Fed.R.App.P. 4(a)(5) advisory committee's note; *accord Redfield v. Continental Casualty Co.*, 818 F.2d 596, 601 (7th Cir.1987); *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 514 (2d Cir.), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88

---

1. Title 28 U.S.C. § 2107 provides in pertinent part:

Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

L.Ed.2d 573 (1985). Moreover, although granting an extension under Rule 4(a)(5) is a discretionary act, *e.g., Cosmopolitan Aviation,* 763 F.2d at 514, that exercise of discretion is subject to certain definite parameters. As Judge Friendly, a member of the advisory committee that drafted the Federal Rules of Appellate Procedure, once observed:

> To be sure, in most cases where application for an extension of time is made within the second 30–day period provided in [Rule] 4(a)(5), the court's sympathy will lie with the applicant: the hardship of being denied an appeal is great ... while the hardship to the prospective appellee is usually small. But a loose interpretation of "excusable neglect" would convert the 30–day period for appeal provided in [Rule] 4(a) into a 60–day one—a result clearly not intended by the Rule's framers. Hence, "the burden of demonstrating excusability lies with the party seeking the extension and a mere palpable oversight or administrative failure generally has been held to fall short of the necessary showing...."

*O.P.M. Leasing,* 769 F.2d at 916–17 (quoting 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 204.13[1.–3], at 4–97 to 4–98 (2d ed. 1985) (footnotes omitted)).

■ Although oversight or administrative failure by the appellant's attorney do not constitute excusable neglect, relief may be granted when a party's failure to file a timely notice of appeal results from the acts of someone other than the appellant or his or her attorney or from events otherwise beyond their control. *See, e.g., Redfield,* 818 F.2d at 603 (excusable neglect found where (1) district court clerk failed to send appellant copy of order dismissing complaint; (2) clerk's filing of order under wrong docket number prevented appellant from learning of order by checking docket sheet; and (3) clerk's attachment—within wrong file—of dismissal order to another order issued in another case misled appellant as to date on which dismissal order was filed); *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 569–71 (2d Cir.1983) (clerk error, but one not quite as Byzantine). For example, under certain circumstances, a finding

of excusable neglect may be based upon a nonnegligent failure to learn that judgment has been entered, *see id.* at 571, uncontrollable delays in the delivery of mail, *see Scarpa v. Murphy,* 782 F.2d 300, 301 (1st Cir.1986) (excusable neglect found where postal service took one week to deliver notice of appeal from post office in West Springfield to district court in Springfield, Mass.), unpredictable events that affect the feasibility of appeal, and plausible misconstructions (but not ignorance) of the applicable law or rules. *See generally* 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 204.13[1.–3], at 4–94 to 4–97 (2d ed. 1987). In sum, a finding of "excusable neglect" must be based either on acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding may not be based on common oversight or administrative failure by the would-be appellant's counsel. Were such a basis sufficient, the thirty-day rule of Rule 4(a)(1) would soon become more a safe harbor than mandatory rule.

■ The requisite showing has clearly not been made here. Although the attorney and his secretary attest to his signing the notice of appeal and his learning only weeks later that American Clerical Service ("ACS") had never received it, notably absent is any sworn statement that counsel had ever sent the notice to ACS. But even if the notice had been sent and was lost in transit, a finding of excusable neglect would not be justified. ACS provides its customers with daily written reports affording counsel an opportunity to confirm that designated filings have taken place. Counsel in the instant matter signed the notice of appeal only twenty days after judgment, and thus had ample opportunity to learn that it had not been filed.

This case differs markedly from *Stirling v. Chemical Bank,* 511 F.2d 1030 (2d Cir. 1975) (per curiam), *overruled on other grounds in Campos v. LeFevre,* 825 F.2d 671 (2d Cir.1987). In *Stirling,* a case in which we held that an appellant had made a prima facie showing of excusable ne-

glect,[2] we confronted the following situation:

On December 6, 1974, copies of notices of appeal were served by appellants upon appellees' counsel and, on the morning of December 10, 1974, [the twenty-ninth day] after the entry of judgment ..., notices were presented to the Clerk of the District Court by appellants' representative, American Clerical Service ("ACS"), for filing, which was refused by the Clerk because of failure to tender the prescribed filing fees. Thereupon appellants' counsel authorized ACS, still on the morning of December 10, to advance the filing fees and was unequivocally assured by ACS that the notices of appeal would be filed that morning. However, ACS failed to file the notices. When appellants' counsel discovered this later in December, he filed them on December 19.

511 F.2d at 1031. Counsel in *Stirling* could not be faulted for having relied upon ACS's unequivocal assurance that the notice of appeal would be filed. In the instant case, of course, counsel received no such assurance, either orally or in the written reports of ACS.

Instead, the instant case bears great similarity to *In re O.P.M. Leasing Services.* In *O.P.M. Leasing,* the clerk of the district court failed to send appellant notice of entry of judgment. Relying on our decision in *Fase v. Seafarers Welfare & Pension Plan,* appellants argued that excusable neglect existed because not only did the clerk fail to send notice, but appellants' counsel did not otherwise learn of the judgment. *O.P.M. Leasing,* 769 F.2d at 917; *see Fase,* 574 F.2d at 77 (finding of excusable neglect is abuse of discretion "where the losing party has promptly received the court's order and opinion, and the *only* extenuating circumstance is the failure of the clerk to send notice of entry of judgment"). In rejecting this contention, we observed:

In fact, appellants' trial counsel did receive what, in most contexts, would be deemed notice of the entry of judgment, *viz.,* receipt of the Law Journal for December 7, 1984. Appellants say this should not be considered as notice since, as a result of [an] error by [a] paralegal, it did not reach the lawyers in charge of the case. Yet this would seem to be precisely what Judge L. Hand characterized long ago as "one of those careless omissions to which everyone is indeed subject, *but which do not excuse inaction."* ... We do not understand how the paralegal's failure to see what she had been charged to look for and was in plain sight can be deemed excusable; if this is excusable, it would be hard to conceive what would not be.

769 F.2d at 917 (Friendly, J.) (quoting *Nichols-Morris Corp. v. Morris,* 279 F.2d 81, 83 (2d Cir.1960) (emphasis added)); *see* Fed.R. Civ.P. 77(d). Thus, if we did not excuse counsel in *O.P.M. Leasing* for having failed to monitor the fine print of the Law Journal, we fail to see how we can excuse counsel's failure in the instant case to oversee his own filing. *See also Oregon v. Champion Int'l Corp.,* 680 F.2d 1300, 1300–01 (9th Cir.1982) (per curiam) (no excusable neglect where notice of appeal arrived one day late because envelope was addressed to state court); *Selph v. Council of the City of Los Angeles,* 593 F.2d 881, 883 (9th Cir.1979) (no excusable neglect where "confusion of moving [counsel's] office disrupted normal calendaring practices"); *Airline Pilots in the Serv. of Executive Airlines, Inc. v. Executive Airlines, Inc.,* 569 F.2d 1174, 1174–75 (1st Cir.1978) (per curiam) (no excusable neglect where secretary mistakenly recorded end of thirty-day period as September 11 instead of September 1); *Pasquale v. Finch,* 418 F.2d 627, 630 (1st Cir.1969) (no excusable neglect by Department of Justice when it mislaid notice of judgment due to mistake in handling mail after receipt). According-

---

**2.** In *Stirling,* we "remand[ed] the case, in view of the showing made, to the district court for the purpose of determining whether there was excusable neglect entitling appellants ... to an extension of time *nunc pro tunc...."* 511 F.2d at 1032. We recently reconsidered, and overruled, *Stirling's* holding that a belated notice of appeal may be treated as a motion for extension of time. *Campos v. LeFevre,* 825 F.2d at 676.

ly, because this case clearly involves "what appears to us to be a rather run-of-the-mill oversight by the [appellant's] attorney, [and] not the sort of exceptional circumstances" contemplated in Rule 4(a)(5), *Fase*, 574 F.2d at 77, we conclude that the district court abused its discretion in granting McRae an extension of the time in which she could file her notice of appeal.

The appeal is therefore dismissed.