**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcus HOOPER, Defendant–Appellant.**

United States Court of Appeals,
Second Circuit.

**No. 355, Docket 92–1720.**

Argued Sept. 24, 1993.
Decided Nov. 17, 1993.

Thomas S. Duszkiewicz, Asst. U.S. Atty., Buffalo, NY, Patrick H. NeMoyer, U.S. Atty., W.D. New York, for plaintiff-appellee.

David A. Lewis, New York City (The Legal Aid Soc. Federal Defender Services Unit, of counsel), for defendant-appellant.

Before MESKILL, KEARSE and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Marcus Hooper appeals from Judge Arcara's denial of his motion to file a late notice of appeal from his judgment of conviction. The district court, relying in part upon *650 Park Ave. Corp. v. McRae*, 836 F.2d 764 (2d Cir.1988), rejected Hooper's argument that his failure to file a timely notice of appeal constituted "excusable neglect" under Fed. R.App.P. 4(b). Because *McRae*'s interpretation of the "excusable neglect" standard has been superseded by a more lenient interpretation in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), we vacate and remand the order denying appellant's motion.

In September 1989, Marcus Hooper was charged in an indictment with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of use of or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). After Hooper's successful motion to suppress evidence was reversed on appeal, *United States v. Hooper*, 935 F.2d 484 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 663, 116 L.Ed.2d 754 (1991), Hooper pleaded guilty to the charged counts. On August 21, 1992, he was sentenced to a 94 month term of imprisonment to run consecutively to various New York State sentences. The judgment of conviction was entered on August 27, 1992.

Rule 4(b) provides that a criminal defendant must file notice of appeal in the district court within ten days after the entry of the judgment or order from which he is appealing. Fed.R.App.P. 4(b). If the last day of the ten day period is a Saturday, Sunday, or legal holiday, the period runs "until the end of the next day which is not one of the aforementioned days." Fed.R.App.P. 26(a). Hooper's judgment of conviction was entered on August 27, 1992, and the tenth day after the entry was Sunday, September 6. Though the parties did not mention it, Monday, September 7 was Labor Day. Thus, the notice of appeal really was not due until Tuesday, September 8. The notice of appeal, however, was not filed until September 16, 1992.

According to affidavits by Hooper's trial attorney, Mark Mahoney, and Mahoney's legal assistant, Margaret Braymiller, the delay was the result of error by the legal assistant. On the day of sentencing, Mahoney instructed Braymiller to prepare a notice of appeal and file it immediately. He also instructed her to prepare an application for appointment of counsel on appeal because at sentencing the court informed Mr. Hooper that he might file such an application. Braymiller prepared the notice of appeal, and it was reviewed by Mahoney. She did not file it immediately, however, because she "decided that it would be more economical to file the notice of appeal together with application for permission to appeal as a poor person." She also mistakenly believed that she had thirty days to file the notice. Because Braymiller encountered a delay in securing Hooper's signature on the application to proceed *in forma pauperis*, she did not attempt to file the notice of appeal until Thursday, September 10, 1992, two days after the September 8 deadline. After the district court clerk then erroneously informed her that the notice could not be filed unless signed by Hooper or Mahoney, she brought the matter to the attention of Mahoney, who realized for the first time that the notice had not yet been filed. He then instructed Braymiller to prepare an affidavit setting forth the history that led to the failure to file timely notice.

A notice of appeal and a motion for permission to file a late notice of appeal were filed on September 16, 1992. Braymiller and Mahoney each filed an affidavit in support of the motion. On November 23, 1992, the district court denied the motion. This appeal followed.

Rule 4(b) provides that where a criminal defendant's notice of appeal is not made within the prescribed ten-day period, "[u]pon a showing of excusable neglect the district court may ... extend the time for filing a notice of appeal...." Fed.R.App.P. 4(b). The district court considered and rejected Hooper's claim that his failure to file timely notice, occasioned by the error in Mahoney's office, constituted "excusable neglect." On appeal, Hooper argues that the district court

applied the wrong standard in concluding that his failure to file timely notice was not "excusable neglect."

In rejecting Hooper's argument that the negligence of the legal assistant constituted "excusable neglect," the district judge stated that the term "excusable neglect" should be strictly construed. Relying upon our decision in *McRae,* 836 F.2d at 767 (construing "excusable neglect" in the context of Fed. R.App.P. 4(a)(5)), he held that "excusable neglect will not be found where the failure to file a timely appeal is caused by palpable oversight, administrative or clerical errors by the attorney or the attorney's staff, or by an attorney's busy schedule."

The district judge correctly applied the law of this circuit as it existed at the time of its order, but the Supreme Court in *Pioneer* thereafter enunciated a different standard for determining whether there is "excusable neglect." In concluding that an attorney's inadvertent failure to file a timely proof of claim constituted "excusable neglect" under Bankruptcy Rule 9006(b)(1), the Court stated that the word "neglect" encompassed "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* —— U.S. at ——, 113 S.Ct. at 1495. It also held that a determination of whether the neglect was excusable "is at bottom an equitable one" that should be made by considering "the danger of prejudice to the [non-movant], the length of the delay and its potential impact upon judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at ——, 113 S.Ct. at 1498. It also concluded that by using the term "excusable neglect," "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at ——, 113 S.Ct. at 1495. This interpretation of "excusable neglect" overrules *McRae*'s holding that to find "excusable neglect," a party's failure to file a timely notice must have "result[ed] from the acts of someone other than the appellant or his or her attorney or from events otherwise beyond their control." *McRae,* 836 F.2d at 767.

*Pioneer* thus controls the resolution of Hooper's motion, which seeks a finding of "excusable neglect" under Rule 4(b). Although the *Pioneer* Court's examination of "excusable neglect" arose in the context of a dispute over the proper interpretation of Bankruptcy Rule 9006(b)(1), which permits a bankruptcy court to allow late filings of proofs of claim where failure to comply with the bar date was the result of "excusable neglect," the Court's opinion is based on the term "excusable neglect" and draws upon the use of that term in other federal rules. *See Pioneer,* —— U.S. at —— n. 3, —— – —— & nn. 5–12, 113 S.Ct. at 1494 n. 3, 1496–98 & nn. 5–12. Because nothing in *Pioneer* limits its interpretation of "excusable neglect" to the Bankruptcy Rules, it thus overrules *McRae.*

We therefore remand this matter to the district court to reconsider Hooper's motion for permission to file a late notice of appeal in light of the "excusable neglect" standard enunciated in *Pioneer.* Our decision in no way addresses the merits of Hooper's claim that failure to file timely notice was the result of "excusable neglect."