**UNITED STATES of America, Appellee,**

v.

**Marcus HOOPER, Defendant–Appellant.**

**No. 497, Docket 94–1224.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 5, 1994.

Decided Dec. 19, 1994.

Patrick H. NeMoyer, U.S. Atty. for the W.D. of N.Y., Buffalo, NY (Thomas S. Duszkiewicz, Asst. U.S. Atty., of counsel), for appellee.

* Honorable William C. Conner, of the United States District Court for the Southern District of

Patrick J. Brown, Buffalo, NY, for defendant-appellant.

Before: KEARSE and WINTER, Circuit Judges, and CONNER, District Judge *.

PER CURIAM:

Defendant Marcus Hooper appeals from an April 11, 1994 order of the United States District Court for the Western District of New York, Richard J. Arcara, *Judge*, denying his motion pursuant to Fed.R.App.P. 4(b) for permission to file a late notice of appeal. The district court, on remand from this Court in *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir.1993) (*"Hooper I "*), for consideration of the motion in light of the then-recent Supreme Court decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (*"Pioneer"*), found that the failure to file the notice of appeal within the time allowed was not the result of "excusable neglect," within the meaning of Rule 4(b). We conclude that the court's decision was not an abuse of discretion, and we therefore affirm.

The background of this motion is set forth in *Hooper I*, familiarity with which is assumed, and is briefly summarized here. Hooper, represented by attorney Mark Mahoney, was convicted in the district court of narcotics and firearms offenses; Hooper was sentenced on August 21, 1992, and the judgment of conviction was entered on August 27. Rule 4(b) of the Federal Rules of Appellate Procedure states that "[i]n a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry ... of the judgment or order appealed from...." Fed.R.App.P. 4(b). Allowing for Saturdays, Sundays, and holidays, *see* Fed. R.App.P. 26(a), the deadline for Hooper's notice of appeal was Tuesday, September 8.

According to affidavits submitted in the district court, on the day of sentencing Mahoney instructed his legal assistant, Margaret Braymiller, to prepare a notice of appeal for

New York, sitting by designation.

Hooper and file it immediately. Mahoney also instructed Braymiller to file an application for appointment of counsel on appeal. Braymiller prepared the notice of appeal, which was reviewed by Mahoney, but she did not immediately file it because she thought it would be more efficient to file it at the same time as the application for appellate counsel. Braymiller had been a legal assistant in Mahoney's office for five years, concentrating on criminal matters, and had routinely been responsible for preparing and filing notices of appeal for clients following their convictions. However, she believed that the time within which a notice of appeal must be filed from a judgment of conviction was 30 days, rather than 10. Due to delays in the execution of the application for appellate counsel, Braymiller made her first attempt to file the notice of appeal on September 10, two days late. When the notice was rejected by the district court clerk on a different and erroneous ground, *see Hooper I*, 9 F.3d at 258, Braymiller consulted Mahoney, who then learned for the first time that the notice of appeal had not yet been filed. Mahoney filed the notice of appeal, together with a motion to permit its late filing, on September 16. The motion urged that such permission be granted under Rule 4(b), which permits the court to extend the time for filing a notice of appeal in a criminal case "[u]pon a showing of excusable neglect."

The district court initially denied Hooper's motion in November 1992, assessing it under the strict standard for "excusable neglect" used by this Court in *650 Park Avenue Corp. v. McRae*, 836 F.2d 764, 767 (2d Cir.1988) ("*McRae*"). In *Hooper I*, however, we observed that in *Pioneer*, which was decided after the district court's November 1992 denial of Hooper's motion, the Supreme Court had established a more liberal standard for determining whether there had been "excusable neglect" and had thereby overruled *McRae*. We noted that the *Pioneer* Court "stated that the word 'neglect' encompassed 'both simple, faultless omissions to act and, more commonly, omissions caused by carelessness,'" and that "'the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening cir-

cumstances beyond the party's control.'" *Hooper I*, 9 F.3d at 259 (quoting *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1495). Concluding that the *Pioneer* standard is applicable in criminal cases, *Hooper I* remanded the matter to the district court for reconsideration of Hooper's motion under the standard set by *Pioneer*.

■ On remand, in a Decision and Order dated April 11, 1994 ("1994 Decision"), the district court again denied the motion. Recognizing that under *Pioneer*, "the determination of whether the late notice of appeal resulted from excusable neglect is an equitable one," 1994 Decision at 9, and "consider[ing] the factors set forth by the Supreme Court in *Pioneer*," *id.*, the district court found that though "several of the factors enunciated in *Pioneer* clearly favor[ed]" Hooper, and though there was nothing in the record to indicate that Hooper, the attorney, or the assistant had acted in bad faith, "the most prominent factor in this case is 'the reason for the delay,'" 1994 Decision at 6. The court found that the reason was the assistant's ignorance of the Rule establishing the deadline for criminal appeals, an ignorance that could not have resulted from any plausible misconstruction of the law, and that the attorney had control over the timing of filing and could have prevented the failure to meet the deadline.

The district court also looked to this Court's post-*Hooper I* decision in *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) ("*Weinstock*"), affirming a refusal to find "excusable neglect" where the appellant had failed to examine the applicable Rule. The district court noted the recognition in *Weinstock* and *Pioneer* that "'ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect,'" *Weinstock*, 16 F.3d at 503 (quoting *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1496).

Applying these standards to the facts found in the present case, the district court

f[ound] that while some factors clearly weigh in defendant's favor, the most prominent factor in this case is the reason for the delay—namely the ignorance of the

law or rules by the legal assistant. This factor strongly favors the government. Ignorance of the law or rules does not, in general, constitute "excusable neglect." 1994 Decision at 9. The court concluded that Hooper's failure to timely file due to the poorly supervised assistant's ignorance of the deadline set by Rule 4(b) was not "excusable neglect."

■ Hooper has appealed. We see no basis for reversal. In determining whether or not there was "excusable neglect," the district court is to consider the *Pioneer* factors, *see Hooper I,* 9 F.3d at 259; a determination made after those factors have been weighed will be disturbed only if it constitutes an abuse of discretion, *see Weinstock,* 16 F.3d at 503; *see also United States v. Koziel,* 954 F.2d 831, 834 (2d Cir.1992) ("The denial of a motion for an extension of the time to appeal is not reviewable except for abuse of discretion.").

In *Weinstock.* we found no abuse of discretion in the district court's refusal to find "excusable neglect" under Fed.R.Ann.P. 4(a), the civil-case analog to Rule 4(b), in circumstances where the appellants' mistake was not a " 'plausible misconstruction' " of a then-existing requirement in Rule 4(a)(4) but rather was "a failure to follow the plain terms of the Rule." 16 F.3d at 503. We stated:

> As this Court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.... Counsel's lack of familiarity with federal procedure is not an acceptable excuse.

*Id.* (internal quotes omitted). Proceeding to discuss the *Pioneer* criteria for determining whether or not there was "excusable neglect," we stated that

> [t]hough some of these factors favor Weinstock, most prominent in this case is "the reason for the delay," namely Weinstock's failure to examine Rule 4(a)(4), a factor that strongly favors Cleary. Furthermore, *Pioneer Investment* states that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."

*Weinstock,* 16 F.3d at 503 (quoting *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496).

In the present case, the district court on remand expressly considered all of the *Pioneer* factors, applied the *Weinstock–Pioneer* standard, and weighed all of the facts. We cannot conclude that its finding that the neglect was not "excusable" was an abuse of discretion.

## CONCLUSION

We have considered all of Hooper's arguments on this appeal and have found in them no basis for reversal. The order of the district. court is affirmed.