NATURAL FATHER AND NATURAL MOTHER OF AN ADOPTIVE CHILD, and the Adoptive Child, By the Natural Parents, Anonymous, Plaintiffs,

v.

Bruce E. TOLBERT, personally, and in his official capacity as Justice of the Family Court of the State of New York, Westchester County, Defendant.

No. 95 Civ. 0647 (BDP).

United States District Court, S.D. New York.

Jan. 9, 1997.

Richard A. Steinbronn, Falls Church, VA, for Plaintiffs.

Carolyn Cairns Olson, G. Oliver Koppel, Attorney General for the State of New York, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs move pursuant to Fed.R.App.P. 4(a)(5), for leave for an extension of time to appeal an order of this Court accepting the report and recommendation of the Hon. Lisa M. Smith, United States Magistrate Judge, and dismissing plaintiffs' complaint. For the reasons stated below, the application for leave, which is opposed by defendant Bruce Tolbert, is granted.

### THE FACTS

In early 1995, plaintiffs, who are parties to a private placement adoption proceeding in Westchester County Family Court, filed suit in this Court challenging the constitutionality of certain New York state adoption statutes. On September 23, 1996, this Court issued an order accepting the Magistrate Judge's Report and Recommendation which concluded that the defendant's motion for summary judgment should be granted on *Rooker–Feldman* and abstention grounds. *See Rooker v.*

*Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Clerk of the Court entered the judgment on September 25, 1996.

Thereafter, in early October 1996, Richard Steinbronn, plaintiffs' counsel, advised plaintiffs of the dismissal of their complaint and of their right to appeal that dismissal within thirty days. He also advised plaintiffs that he would be traveling to Montevideo, Uruguay on business and was planning to return to the United States on October 16, 1996.

During his trip to South America, Steinbronn also attended to certain legal matters in Buenos Aires, Argentina relating to a business venture of his employer. Steinbronn claims that, as a result of unforeseen legal complications arising from that business project, he was unexpectedly required to remain in Buenos Aires until early November 1996.

On approximately October 21, 1996, plaintiffs left a message at Steinbronn's office in Falls Church, Virginia, advising him of their desire to appeal the judgment of dismissal. Counsel received this message in Buenos Aires on either October 21 or 22, 1996.

Steinbronn asserts that, upon learning of his clients' desire to appeal, he was unable to contact anyone in the United States who could gain access to plaintiffs' files for the purpose of filing a notice of appeal in the final days of the appeal period. Steinbronn was and continues to be the sole attorney [1] representing plaintiffs in this action, which he has done on a *pro bono* basis. Moreover, his work for plaintiffs in this action is not part of his regular full-time employment as in-house counsel for a holding company. He is the only person in the holding company's legal department and has neither a secretary nor assistant to aid him in his *pro bono* legal work. Consequently, all of the files relating to this matter were stored in Steinbronn's home office. Steinbronn attempted to secure

---

**1.** Steinbronn had served as counsel for plaintiffs since mid–1993, a full year before he moved from New York to take his present employment in Falls Church, Virginia. Since Steinbronn's move, plaintiffs have not retained local counsel.

the information necessary for filing the appeal by calling the Clerk of the Court, but was informed that no such information could be relayed over the telephone. The thirty day period provided in Fed.R.App.P. 4(a)(1) expired on October 25, 1996 without any appeal having been taken.

On November 3, 1996, Steinbronn returned to the United States. He contacted Tolbert's counsel on or about November 12, 1996 to inform him that plaintiffs wished to appeal this Court's September 25 judgment. On November 20, 1996, Steinbronn filed this motion to extend time to file notice of appeal pursuant to Fed.R.App.P. 4(a)(5).

## DISCUSSION

Fed.R.App.P. 4(a)(1), requires that a notice of appeal be filed with the Clerk of the District Court within thirty days after the date of entry of the judgment or order from which appeal is sought. The September 23, 1996 opinion and order of this Court was entered on the docket by the Clerk on September 25, 1996, making the notice of appeal due on October 25, 1996.

■ The Federal Rules of Appellate Procedure, however, further provide that the district court may extend the time for filing a notice of appeal "upon motion not filed later than 30 days after the expiration of the time prescribed" by Rule 4(a), "upon a showing of excusable neglect or good cause." Fed. R.App.P. 4(a)(5). Steinbronn's motion was filed on November 20, 1996, and thereby satisfies the temporal requirement of Fed. R.App.P. 4(a)(5). This Court further finds that Steinbronn has made a showing of "excusable neglect" for failing to have filed a timely notice of appeal in the first instance.

■ In most cases where application for an extension of time is made within the second thirty-day period provided in Fed. R.App.P. 4(a)(5), "the court's sympathy will lie with the applicant: the hardship of being denied an appeal is great ... while the hardship to the prospective appellee is usually small." *O.P.M. Leasing Services, Inc. v. Far West Federal Savings and Loan Ass'n*, 769 F.2d 911, 916–17 (2d Cir.1985). A court is thus permitted, "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *United States v. Hooper*, 9 F.3d 257, 258 (2d Cir.1993) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Our Court of Appeals has adopted the three factor test articulated in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), to determine whether the extension of the time to file a notice of appeal is justified by excusable neglect. Although *Pioneer* refers to "excusable neglect" as it appears in Bankruptcy Rule 9006(b)(1), the Second Circuit has applied its reasoning in construing "excusable neglect" in Rule 4 of the Federal Rules of Appellate Procedure. *See Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (extending the Supreme Court's definition of "excusable neglect" to extensions of time to appeal under Fed.R.Civ.P. 4(a)); *see also United States v. Hooper*, 9 F.3d 257, 258 (2d Cir.1993); *Active Glass Corp. v. Iron Workers*, 899 F.Supp. 1228, 1230 (S.D.N.Y.1995).

■ The *Pioneer* Court held that, in deciding whether to grant a reprieve for "excusable neglect," the district court must consider: (1) the danger of prejudice to the nonmovant; (2) the length of delay and potential impact on judicial proceedings; and (3) the reason for the delay, including whether the movant acted in good faith and whether the circumstances were within the movant's responsible control. *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498; *see also Weinstock*, 16 F.3d at 503; *Hooper*, 9 F.3d at 258; *Active Glass*, 899 F.Supp. at 1230.

■ As to the first factor, Tolbert does not advert to any specific prejudice that would result from the untimeliness of the appeal. Rather, Tolbert argues that, in light of the purpose of the timeliness requirement—to provide a definite point at which litigation will come to a close—he would be subject to some prejudice from the loss of finality arising from the late appeal. While such prejudice might result from the appeal of a dispositive order or judgment, *see, e.g., Active*

*Glass,* 899 F.Supp. at 1231, in the present case, plaintiffs' case was not dismissed on the merits, but on abstention grounds. Accordingly, any prejudice that might typically arise from a loss of finality cannot be deemed significant or overriding in this action.

 The second factor, the length of delay and its potential impact on the judicial proceedings, is also not significant enough to deny plaintiffs' request for an extension of time to file an appeal. *See Active Glass,* 899 F.Supp. at 1231. Steinbronn filed the present motion on November 20, 1996 less than thirty days after the October 25, 1996 deadline for filing a notice of appeal had expired. This Court finds that a delay of this duration would not have a perceptible effect on these proceedings.

 The final factor—the reason for the delay in light of the good faith efforts of the movant and whether the relevant circumstances were within his reasonable control—is the "pivotal determinant of 'excusable neglect.'" *Active Glass,* 899 F.Supp. at 1231 (citing *Weinstock,* 16 F.3d at 503). "Excusable neglect" encompasses "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness," as well as failures to timely file because of "intervening circumstances beyond the party's control," *Hooper,* 9 F.3d at 259 (citing *Pioneer,* 507 U.S. at 388–90, 113 S.Ct. at 1495), "at least where the delay was not long, there is not bad faith, there is not prejudice to the opposing party, and the movant's excuse has some merit." *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995). Steinbronn's failure to file a timely notice of appeal falls, albeit narrowly, within the contours of that definition.

Tolbert argues that Steinbronn's failure to timely file was not excusable because, notwithstanding his employer's request that he remain in Buenos Aires, Steinbronn could have opted to return to the United States and file plaintiffs' notice of appeal. While that option might have been available to most counsel in the course of their full-time employment, the circumstances surrounding Steinbronn's representation of plaintiffs tilt somewhat against a finding that his failure to file an appeal was unexcusable. *See Pioneer,*

507 U.S. at 395, 113 S.Ct. at 1498. Steinbronn, as we have noted, is the sole counsel representing plaintiffs in this action and is handling the case *pro bono.* It would be burdensome for such counsel to leave his legal work in Argentina and travel back to the United States on his own expense in order to file a notice of appeal, particularly where there is no demonstrable additional prejudice to defendant if plaintiffs' timely motion to extend the time to file a notice of appeal is granted. Moreover, as to Steinbronn's good faith, it appears that he attempted to obtain the necessary information to file the appeal by calling the Clerk of the Court. Apparently, the Clerk informed him that such information could not be disclosed over the telephone. Although Steinbronn's failure to file this motion until November 20, 1996, over two weeks after his return to the United States is troublesome, this Court finds the circumstances that precluded him from timely filing the appeal in the first instance were not entirely within his reasonable control. At the very most, his failure to file was an "omission caused by carelessness" within the meaning of *Pioneer,* 507 U.S. at 395, 113 S.Ct. at 1498, and accordingly, constitute a viable basis for excusable neglect.

Considering the three *Pioneer* factors together, the Court finds that Steinbronn's failure to file a timely notice of appeal resulted from excusable neglect. The prejudice to Tolbert from granting the extension is relatively slight, the delay in filing the instant application was short, and the reason for delay demonstrates that the neglect was excusable.

**CONCLUSION**

For the reasons stated above, plaintiffs' application for an extension of time to file its notice of appeal pursuant to Rule 4(a)(5) is granted.

**SO ORDERED.**