**UNITED STATES of America,**
**Appellee,**

v.

**Wesley ALEXANDER, Defendant–**
**Appellant,**

**Roosevelt Cobb, also known as Booker**
**and Richard Lanctot, Defendants.**

**Docket No. 01–1042.**

United States Court of Appeals,
Second Circuit.

May 23, 2003.

Barbara E. O'Connor, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender, Districts of Northern New York and Vermont, on the brief), Burlington, VT, for Appellant.

John M. Conroy, Assistant United States Attorney for the District of Vermont (Peter W. Hall, United States Attorney for the District of Vermont, Gregory L. Waples, Assistant United States Attorney for the District of Vermont, on the brief), Burlington, VT, for Appellee.

Present: McLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions, *Judge* ), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant Wesley Alexander appeals the decision of the District Court of Vermont (Sessions, *J.*) denying his motion to file a late notice of appeal of his criminal conviction pursuant to Fed. R.App. P. 4(b)(4). We review the district court's ruling for abuse of discretion. *United States v. Koziel,* 954 F.2d 831, 834 (2d Cir.1992). Any factual findings made by the district court are reviewed for clear error. *United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002).

Rule 4(b) of the Federal Rules of Appellate Procedure provides that the district court may extend the time for filing a notice of appeal "[u]pon a finding of excusable neglect" if a motion for extension is filed within thirty days of the original deadline, as is the case here. Excusable neglect may include "inadvertence, mistake, or carelessness, as well as … intervening circumstances beyond the party's control." *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

Alexander asserts that his alleged pro se status, incarceration, and reduced mental capacity demonstrate excusable neglect sufficient to require the district court to grant his motion for an extension of time to file his notice of appeal. Initially, in an affidavit submitted to the district court with his original motion, Alexander asserted that he was unable to contact his attorney of record, Paul Volk, during the 10–day window in which to file his notice of appeal.

The district court held a hearing to determine why Alexander delayed in filing his notice of appeal. Volk testified that directly after Alexander's sentencing hearing, he and Alexander spoke about the possibility of an appeal and its potential for success. According to Volk, Alexander af-

firmatively decided not to appeal the district court's decision. Alexander submitted a second affidavit contradicting Volk's testimony, which stated that Alexander had spoken to Volk after his sentencing, asked to appeal his sentence, and that Volk had refused to represent him on the appeal. The district court found that Alexander did not adequately explain the contradictions in his two affidavits, and found the latter affidavit unreliable. Based on the evidence at the hearing, the district court found that Volk had informed Alexander of his right to appeal and Alexander had affirmatively waived this right.

We find no clear error in the district court's factual findings and uphold the district court's determination that Alexander knew of his right to appeal and affirmatively chose not to exercise it. *See Mendez*, 315 F.3d at 135 ("Where the district court's factual findings are premised upon credibility determinations, we grant particularly strong deference to those findings."). Because affirmatively foregoing appeal does not constitute excusable neglect, we uphold the district court's denial of Alexander's motion for an extension of time to file a notice of appeal.

For the reasons set forth above, the judgment of the district court is AFFIRMED.