22-3079 (Con)
*United States v. Howard*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-four.

PRESENT:     Reena Raggi,
                      Denny Chin,
                      Steven J. Menashi,
                              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　v.                                                                No. 22-3079 (Con)

CHRISTOPHER HOWARD, aka JUJU,

　　　　*Defendant-Appellant*.\*

_____

_____

\*  The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:  Alexandra N. Rothman and Hagan Scotten, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:  Murdoch Walker, II, and Bingzi Hu, Lowther | Walker LLC, Atlanta, GA.

Appeal from a judgment entered on March 28, 2023, in the United States District Court for the Southern District of New York (Torres, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Christopher Howard was convicted after a jury trial of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), violent crime in aid of racketeering ("VICAR") in violation of 18 U.S.C. § 1959(a)(3), (5), and using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, Howard argues that his Section 924(c) conviction must be vacated because the district court's jury instructions were erroneous in light of the Supreme Court's subsequent decision in *United States v. Davis*, 588 U.S. 445 (2019), and because the conviction is not predicated on a valid crime of violence in light of the Supreme Court's subsequent decision in *United States v. Taylor*, 596 U.S. 845 (2022). Howard also argues that the failure of his trial counsel and former appellate counsel to challenge the erroneous jury instructions amounted to ineffective assistance.

We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Gabinskaya*, 829 F.3d 127, 134 (2d Cir. 2016). We review a properly preserved challenge to an erroneous jury instruction for

harmless error and an unpreserved challenge for plain error. *See United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013).

We conclude that the district court did not abuse its discretion in denying Howard's motions for a new trial because the motions were untimely and, in any event, meritless. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

Howard's motions were untimely and the district court did not abuse its discretion in concluding that the untimeliness was not excusable. "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). A district court may excuse a late filing for "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). In determining whether neglect is excusable, the district court "consider[s] the danger of prejudice to the non-movant, the length of the delay and its potential impact upon judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (internal quotation marks and alteration omitted).

Howard filed his motion first asserting the *Davis* argument in January 2022—nearly three years after the jury verdict and two-and-a-half years after *Davis* was decided. Howard filed a supplemental motion first asserting the *Taylor* argument in September 2022—three months after *Taylor* was decided. In his appellate brief, Howard does not provide any argument for why the untimeliness was excusable and we therefore have no basis on which to conclude that the district court abused its discretion in holding that it was not.[1]

---

[1] To the extent that Howard argues that the untimeliness was the result of his former counsel's deficient performance, as explained below the motion fails on the merits regardless.

## II

Apart from the untimeliness, Howard's challenges to his Section 924(c) conviction under *Davis* and *Taylor*, and his ineffective assistance of counsel claims, fail on the merits.

### A

Howard contends that the district court's Section 924(c) jury charge was erroneous in light of *Davis* because the district court instructed the jury only as to Section 924(c)(3)'s residual clause—which *Davis* held unconstitutional—and not as to the elements clause. This error was harmless. The jury found Howard guilty of the VICAR offense and, as we explained in an earlier appeal in this case, "post-*Davis*, the VICAR offense … remains a valid predicate crime of violence as defined under the elements clause" because "[i]t is premised on the New York offense of assault in the second degree, which categorically 'has as an element the use, attempted use, or threatened use of physical force.'" *United States v. White*, 7 F.4th 90, 104 (2d Cir. 2021) (quoting 18 U.S.C. § 924(c)(3)(A)); *cf. United States v. Blanco*, 811 F. App'x 696, 701 (2d Cir. 2020) (explaining that because we have held bank robbery to be "categorically a crime of violence," the defendant's "bank robbery conviction … supplies the 'crime of violence' element" and thereby "renders the jury's finding on [the residual clause] both irrelevant and unnecessary").

### B

Howard contends that his Section 924(c) conviction is also invalid in light of *Taylor* because the VICAR count was based on alternative predicate crimes, not all of which, he suggests, are crimes of violence under the categorical approach employed in *Taylor*. This argument is meritless. The jury specifically found that the VICAR predicate offense was assault with a dangerous weapon. *See* Special Verdict Tr., App'x 148 ("On August 17, 2014, did the defendant commit attempted murder, assault with a dangerous weapon, neither, or both? Answer is: Assault with a dangerous weapon."). And, as previously noted, we have held that this offense is a categorical crime of violence. *See White*, 7 F.4th at 104 (holding that the

4

VICAR offense predicated on New York second-degree assault remains a "valid predicate crime of violence as defined under the elements clause").

## C

Howard additionally contends that his trial and former appellate counsel were ineffective because they did not timely challenge the erroneous jury instructions.[2] "To prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense." *United States v. Bodnar*, 37 F.4th 833, 845 (2d Cir. 2022) (internal quotation marks omitted). Howard's ineffective assistance claim fails because, as explained above, the arguments he faults counsel for not raising would have failed and so could not have prejudiced his defense. "Failure to make a meritless argument does not amount to ineffective assistance." *United States v. Regalado*, 518 F.3d 143, 149 n.3 (2d Cir. 2008) (quoting *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)).

---

[2] Howard asserts that, even though his trial took place before the Supreme Court decided *Davis*, his trial counsel should have challenged the jury instructions for setting forth an incomplete definition of a crime of violence. But trial counsel's failure to do so did not prejudice Howard. If the district court had instructed the jury as to the elements clause, it would have instructed the jury that a finding of guilty on the VICAR count would satisfy the crime of violence element for the Section 924(c) count. And even though the cases establishing that the VICAR count was a categorical crime of violence had not yet been decided, the possibility that the district court might have supplied an *erroneous* instruction telling the jury otherwise does not constitute prejudice. *See Williams v. Taylor*, 529 U.S. 362, 392 (2000) ("[T]he likelihood of a different outcome attributable to an incorrect interpretation of the law should be regarded as a potential 'windfall' to the defendant rather than the legitimate 'prejudice' contemplated by our opinion in *Strickland*.").

\* \* \*

We have considered Howard's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court